MARTIN S. SIEGEL (MS-9490)
ULYANA BARDYN (UB-7633)
BROWN RUDNICK BERLACK ISRAELS, LLP
SEVEN TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 209-4800
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
UKRINTERENERGO,                              )
                                             )
                              *Plaintiff,*   )
                                             )   CIVIL ACTION NO.: CV-07-CIV-8815
              v.                             )
                                             )
                                             )   HONORABLE PAUL A. CROTTY
ANEX INTERNATIONAL TRADING, LLC,             )
                                             )
                              *Defendant.*   )
------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

Plaintiff, Ukrinterenergo, by and through its undersigned counsel, Brown Rudnick Berlack Israels LLP, for its First Amended Complaint against defendant, Anex International Trading, LLC, respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action to confirm and enforce a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified as 9 U.S.C. §§201 *et seq.* An arbitral award (the "Arbitral Award") was rendered in favor of Plaintiff Ukrinterenergo ("Ukrinterenergo") in an arbitration proceeding that occurred in Kyiv, Ukraine, before the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (the "Arbitral Tribunal"). The Arbitral Tribunal held defendant Anex International Trading, LLC ("Anex") liable to Ukrinterenergo for damages

resulting from defendant's breaches of certain agreement between Ukrinterenergo and Anex, and awarded to Ukrinterenergo damages, interest, and costs and fees of the arbitral proceeding.

2.      Defendant has refused to duly comply with its payment obligations pursuant to the Arbitral Award.  Accordingly, Ukrinterenergo seeks enforcement of the Arbitral Award by this Court to recover the amounts due to it thereunder, as well as costs and fees related to this action.

## PARTIES

3.      Plaintiff Ukrinterenergo is a state-owned foreign trade company of Ukraine, duly organized and existing under the laws of Ukraine, with its principal place of business at 85 Frunze Street, Kyiv, 04080, Ukraine.

4.      Upon information and belief, defendant Anex International Trading, LLC is a New York limited liability company, with its principal place of business at 1971 Western Avenue # 1150 Albany, New York 12203-501, U.S.A.  Upon information and belief, Anex regularly transacts business in the Southern District of New York.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. §203 and 28 U.S.C. §1331.

6.      This Court has personal jurisdiction over defendant because defendant's principal place of business is in the State of New York.

7.      Venue is proper in the Southern District of New York because Anex regularly transacts business in the Southern District of New York.

## BACKGROUND

### The Agreement

8.      On September 29, 2003, Ukrinterenergo and Anex entered into an agreement for sale of electric power (the "Agreement"). Pursuant to Article IV of the Convention, a duly authenticated copy of the Agreement and its certified translation are annexed hereto as Exhibit A. The Agreement, *inter alia*, provided that Ukrinterenergo would sell and Anex would purchase designated quantity of electric power at a price specified therein, and included provisions governing the supply, timing, payment and all other material terms of the contract.

9.      The Agreement contained an arbitration clause (the "Arbitration Clause"), requiring arbitration of all disputes arising from the Agreement. The Arbitration Clause states as follows:

>       7.1     All disputed and/or controversies arising out of or relating to this Contract shall be settled by the Parties by means of an informal procedure commencing with a demand letter. The party in receipt of the demand letter must respond to the party propounding the demand letter within 30 days of the receipt of the demand letter.

>       7.2     If the Parties fail to settle their differences through the procedures set forth in Article 7.1 above, the outstanding disputes and/or controversies, except for the jurisdiction of general courts, shall be referred for consideration and final settlement to the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry in Kyiv in accordance with the Rules of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry. The award of such Arbitration Court rendered pursuant to this Article shall be final and binding of both Parties.

>       7.3     This contract shall be governed by the substantive law of Ukraine.

>       7.4     The place of arbitration proceedings shall be the city of Kyiv, the language shall be Russian.

**Defendant's Breaches**

10.    In April 2005, Ukrinterenergo supplied Anex with the electric power for the total value of $ 1,059,547.83.   Anex made partial payment the for the power supplied, leaving an outstanding debt of $330,047.83, but failed to pay that balance.

11.    In view of defendant's failure to pay, Ukrinterenergo sent demand letters dated May 4, 2005 and June 7, 2005.

**The Arbitration**

12.    On July 25, 2005, Ukrinterenergo initiated arbitration proceedings against Anex before the Arbitral Tribunal (the "Arbitration Proceeding") in accordance with the Arbitration Clause of the Agreement.

13.    In its Demand for Arbitration, Ukrinterenergo sought (i) satisfaction of Anex's obligations under the Agreement in the amount of $ 330,047.83 and (ii) interest in the amount of $ 1,926.23.

14.    Anex did not appear in the Arbitration Proceeding.

**The Arbitral Award**

15.    The Arbitral Tribunal held the hearing in accordance with the Arbitration Clause of the Agreement and took evidence to support Ukrinterenergo's claims. Thereafter, the Arbitral Tribunal rendered the Arbitral Award in favor of Ukrinterenergo.

16.    The Arbitral Tribunal concluded that Anex had breached the Agreement and was liable to Ukrinterenergo (i) for the electric power supplied in the amount of $ 260,000.00, (ii) for interest in the amount of $ 1,926.23, and (iii) for arbitration fees and costs in the amount of $ 11,239.48. The total amount of the award is $ 273,165.71.

17.    The Arbitral Tribunal issued the Arbitral Award on March 31, 2006. Pursuant to

Article IV of the Convention, a duly authenticated copy of the Arbitral Award and its certified translation are annexed hereto as Exhibit B.

18.    Under the Arbitral Award, Anex was required to pay the aforesaid amounts immediately upon receipt of the Arbitral Award.

19.    In or about September 2007, Anex made a payment in partial satisfaction of the Award in the amount of $45,282.37, leaving the outstanding indebtedness in the amount of $227,883.34. However, Anex has failed and refused to pay the balance of the Arbitral Award, although such payment is long overdue.

## CLAIM FOR RELIEF:
## RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD

20.    Ukrinterenergo repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

21.    Ukrinterenergo and Anex entered into the Agreement at issue, which was a valid, binding, and enforceable contract.

22.    Ukrinterenergo duly performed its obligations under the Agreement, while Anex failed to perform and failed to cure its breaches.

23.    The Agreement provided for binding arbitration of disputes relating thereto before the Arbitral Tribunal.

24.    Ukrinterenergo submitted its claim to arbitration before the Arbitral Tribunal, as required by the Agreement.

25.    The Arbitral Tribunal had personal jurisdiction over Anex and subject matter jurisdiction over the dispute.

26.    Anex failed to appear in these arbitration proceedings.

27.    The Arbitral Tribunal rendered an Arbitral Award finding Anex liable for

damages stemming from defendant's breaches of the Agreement, and interest in connection with these sums, and arbitration fees and costs.

28.    The Arbitral Award was rendered by the Arbitral Tribunal in conformity with the parties' Agreement and international due process requirements, including proper subject matter and personal jurisdiction.

29.    The Arbitral Award is final and binding under Ukrainian law, and therefore recognizable and enforceable in this jurisdiction.

30.    The Arbitral Award has not been set aside or challenged by Anex.

31.    Anex has failed and refused to duly obey the Award.  Ukrinterenergo has not received, nor has it been able to collect, any money from Anex pursuant to said Arbitral Award.

**WHEREFORE,**

Plaintiff Ukrinterenergo demands judgment:

(i)    recognizing and enforcing the Arbitral Award in the United States;

(ii)    awarding Ukrinterenergo a judgment in the amount of $227,883.34 representing the remaining outstanding indebtedness of Anex to Ukrinterenergo pursuant to the Arbitral Award;

(iii)    awarding Ukrinterenergo post-award prejudgment interest from March 31, 2006 until the day of the judgment;

(iv)    awarding Ukrinterenergo post-judgment interest under 28 U.S.C. § 1961 that accrue on the unpaid judgment amount from the date of entry of the judgment until the Judgment is satisfied.

(v)    awarding Ukrinterenergo costs and fees of this action, including reasonable attorney fees; and

(vi)    awarding Ukrinterenergo such other and further relief as the Court deems

just, proper, and equitable.

Dated: New York, New York
      October 30, 2007

                        BROWN, RUDNICK, BERLACK, ISRAELS LLP

                        By: _Martin S. Siegel_
                             Martin S. Siegel (MS-9490)
                             Ulyana Bardyn (UB-7633)

                        Seven Times Square
                        New York, New York  10036
                        (212) 209-4800
                        Attorneys for Plaintiff
                             Ukrinterenergo